IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| CARI TABOR, | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 1:14-cv-01809-GLR |
| SCMD, LLC, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER AND COUNTERCLAIMS OF
DEFENDANTS SCMD, LLC, SCORES BALTIMORE
AND SCMD HOLDINGS, LLC TO AMENDED COMPLAINT**

Defendants SCMD, LLC, SCMD Holdings, LLC, and Scores Baltimore ("Defendants"), by their attorneys, Andrew M. Dansicker and the Law Office of Andrew M. Dansicker, LLC, respond to the Plaintiffs' Complaint as follows:

1.      Paragraph 1 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

2.      Defendants deny the factual allegations set forth in Paragraph 2.

3.      Defendants admit that Plaintiffs are adults as set forth in Paragraph 3.  Defendants lack sufficient knowledge to either admit or deny that Plaintiffs are residents of the State of Maryland, or whether Plaintiffs consent to participate as plaintiffs in a FLSA collective action.

4.      Defendants admit the factual allegations set forth in Paragraph 4.

5.      Defendants deny the factual allegations set forth in Paragraph 5.

6.      Defendants admit the factual allegations set forth in Paragraph 6.

7.      Defendants deny the factual allegations set forth in Paragraph 7, except admit that SCMD Holdings, LLC is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business in Baltimore, Maryland.

8.      Defendants deny the factual allegations set forth in Paragraph 8.

9.      Defendants deny the factual allegations set forth in Paragraph 9.

10.     Defendants admit the factual allegations set forth in Paragraph 10.

11.     Defendants admit the factual allegations set forth in Paragraph 11.

12.     Defendants deny the factual allegations set forth in Paragraph 12.

13.     Defendants admit the factual allegations set forth in Paragraph 13, except deny that Defendant Shulman was or is in charge of managing and controlling Defendants' managers.

14.     Defendants admit the factual allegations set forth in Paragraph 14, except deny that Defendant Shulman was advised of or resolved all important business operation questions and decisions.

15.     Defendants deny the factual allegations set forth in Paragraph 15.

16.     Defendants deny the factual allegations set forth in Paragraph 16.

17.     Defendants admit the factual allegations set forth in Paragraph 17, but deny that there were any illegal pay practices.

18.     Defendants deny the factual allegations set forth in Paragraph 18.

19.     Defendants admit the factual allegations set forth in Paragraph 19.

20.     Defendants admit the factual allegations set forth in Paragraph 20.

21.     Defendants deny the factual allegations set forth in Paragraph 21.

22.     Paragraph 22 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

23.     Defendants deny the factual allegations set forth in Paragraph 23.

24.     Defendants deny the factual allegations set forth in Paragraph 24.

25.     Defendants deny the factual allegations set forth in Paragraph 25.

26.     Defendants deny the factual allegations set forth in Paragraph 26.

27.     Defendants deny the factual allegations set forth in Paragraph 27.

28.     Defendants deny the factual allegations set forth in Paragraph 28.

29.     Defendants deny the factual allegations set forth in Paragraph 29.

30.     Defendants deny the factual allegations set forth in Paragraph 30.

31.     Defendants deny the factual allegations set forth in Paragraph 31.

32.     Defendants deny the factual allegations set forth in Paragraph 32.

33.     Defendants deny the factual allegations set forth in Paragraph 33, except admit that Plaintiff and other exotic dancers were independent contractors.

34.     Defendants deny the factual allegations set forth in Paragraph 34.

35.     Defendants deny the factual allegations set forth in Paragraph 35.

36.     Defendants deny the factual allegations set forth in Paragraph 36.

37.     Defendants deny the factual allegations set forth in Paragraph 37.

38.     Defendants deny the factual allegations set forth in Paragraph 38.

39.     Defendants deny the factual allegations set forth in Paragraph 39, except admit that there was no profit sharing plan.

40.     Defendants deny the factual allegations set forth in Paragraph 40.

41.     Defendants deny the factual allegations set forth in Paragraph 41.

42.     Defendants deny the factual allegations set forth in Paragraph 42, except admit that Defendants SCMD, LLC and Scores Baltimore are in the business of operating a night club featuring exotic dancers.

43.     Defendants deny the factual allegations set forth in Paragraph 43.

44.     Defendants deny the factual allegations set forth in Paragraph 44.

45.     Defendants deny the factual allegations set forth in Paragraph 45.

46.     Defendants deny the factual allegations set forth in Paragraph 46.

48.     Paragraph 48 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

49.     Defendants deny the factual allegations set forth in Paragraph 49.

50.     Paragraph 50 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

51.     Paragraph 51 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

52.     Paragraph 52 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

53.     Paragraph 53 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

54.     Paragraph 54 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

55.     Paragraph 55 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

56.     Paragraph 56 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

57.     Paragraph 57 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

58.     Paragraph 58 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

59.     Paragraph 59 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

60.     Paragraph 60 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

61.     Paragraph 61 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

62.     Paragraph 62 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

63.     Paragraph 63 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

64.     Paragraph 64 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

65.     Paragraph 65 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

66.     Paragraph 66 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

67.    Paragraph 67 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

70.    In response to Paragraph 70, Defendants adopt and incorporate herein their responses to paragraphs 1 through 67 as if fully set forth.

71.    Paragraph 71 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

72.    Paragraph 72 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

73.    Paragraph 73 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

74.    Paragraph 74 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

75.    Paragraph 75 does not contain any factual allegations which Defendants must admit or deny.  To the extent that there are any factual allegations contained therein which these Defendants must admit or deny, they are denied.

76.    Defendants deny the allegations set forth in Paragraph 76.

77.    Defendants deny the allegations set forth in Paragraph 77.

7

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81.

82. Defendants deny the allegations set forth in Paragraph 82.

83. Defendants deny the allegations set forth in Paragraph 83.

84. Defendants deny the allegations set forth in Paragraph 84.

85. In response to Paragraph 85, Defendants adopt and incorporate herein their responses to paragraphs 1 through 84 as if fully set forth.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

89. Defendants deny the allegations set forth in Paragraph 89.

90. Defendants deny the allegations set forth in Paragraph 90.

91. Defendants deny the allegations set forth in Paragraph 91.

92. Defendants deny the allegations set forth in Paragraph 92.

93. Defendants deny the allegations set forth in Paragraph 93.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. The claims asserted in the Complaint are barred by Plaintiff's conduct.

4.      The claims asserted in the Complaint are barred by the doctrine of collateral estoppel.

5.      The claims asserted in the Complaint are barred by fraud or misrepresentation.

6.      The claims asserted in the Complaint are barred because Plaintiffs represented that they were independent contractors and met the legal requirements for serving as independent contractors.

7.      The claims asserted in the Complaint are barred by payment.

8.      The claims asserted in the Complaint are barred by the doctrine of res judicata.

9.      The claims asserted in the Complaint are barred by laches.

10.     The claims asserted in the Complaint are barred by waiver.

11.     The claims asserted in the Complaint are barred by ultra vires.

12.     The claims asserted in the Complaint are barred by unclean hands.

13.     The claims asserted in the Complaint are barred by accord and satisfaction.

14.     The claims asserted in the Complaint are barred by estoppel.

15.     The Plaintiffs' purported class claims are barred because the members of the class are not so numerous that it would be impracticable and uneconomical to require joinder of each class member.

16.     The Plaintiffs' purported class claims are barred because Plaintiffs' claims do not raise questions of law and fact which are common to those of the class.

17.     The Plaintiffs' purported class claims are barred because the named Plaintiffs and class representatives do not adequately represent the interest of the members of the class.

9

18.     The Plaintiffs' purported class claims are barred because the questions of fact and law common to the members of the class do not predominate over questions affecting only individual members.

19.     The Plaintiffs' purported class claims are barred because Plaintiffs' definition of the class is vague, ambiguous and overbroad.

20.     The Plaintiffs' purported class claims are barred because class action litigation is not superior to other methods for the fair and efficient adjudication of the controversy.

21.     At all relevant times, Defendants acted in good faith and had reasonable grounds to believe that their actions were not in violation of the FLSA or Maryland state law.  As such, any claims for liquidated damages against them are barred outright or subject to appropriate reduction.

22.     The actions of Defendants did not constitute willful violations of the FLSA or Maryland state law and are subject to a two year, not a three year statute of limitations. Defendants deny any such violations.

23.     At all relevant times, Plaintiffs were exempt from the FLSA and Maryland state wage laws as a creative professional.

24.     Plaintiffs were not statutory employees, and Defendants were not statutory employers under the FLSA and Maryland state wage laws.

25.     Plaintiffs' claims are barred because of their failure to comply with the reporting requirements of employees under the Internal Revenue Code ("IRC").  In particular, Plaintiffs failed to report their tip income to Defendants as would have been their obligation under the IRC, had they performed at Scores Baltimore as employees.

26.     Plaintiffs' claims are barred because the withholdings that would be due with regard to the tip income earned by Plaintiffs, as required by the IRC in the event that Plaintiffs were employees of Scores Baltimore, would have more than completely offset any new wages that Plaintiffs may be found to be entitled to in the event they are determined to have been employees of Defendants during the applicable statute of limitations period.

27.     The fees for services that Plaintiffs may have charged to their customers/patrons are neither tips nor gratuities but are service charges as the cost to customers/patrons for obtaining personal entertainment services.  Therefore, under the FLSA, these fees can be used to offset any minimum wage/overtime obligations found to be owing in this action.  Because Plaintiffs were paid for and retained such fees for entertainment services, and because such fees are far in excess of any minimum wage/overtime pay to which they may be found to have been due if they are determined to be employees, Plaintiffs' claims are barred as there have been no violations of the FLSA or Maryland state wage laws.

28.     Plaintiffs' claims are barred because they failed to return to Defendants any fees or charges that they received from customers of Scores Baltimore for providing personal entertainment services to them, which by law and equity, would belong to Defendants if Plaintiffs were, in fact, employees.

29.     Plaintiffs' claims are barred by the doctrines of fraud, fraud in the inducement, unjust enrichment and equitable estoppel in that Plaintiffs agreed to perform as independent contractors, conformed their actions accordingly, retained the financial and other benefits of that relationship, and then pursued this litigation without ever previously objecting to the fact that they were treated as independent contractors by Defendants.

30.     Plaintiffs' claims are barred for failure to mitigate damages.

31.     Defendants have a right of recoupment and/or setoff against Plaintiffs in an amount equal to or greater than any amounts owed to Plaintiffs, based on Plaintiffs' breach of contract and/or unjust enrichment based on their withholding of monies that should have been paid to Defendants if Plaintiffs were employees of Defendants.

32.     To the extent that Plaintiffs were, at any time, employees of Defendants, which Defendants deny, then Plaintiffs were tipped employees who received more than $30.00 each month in tips and therefore were only eligible for compensation at the reduced rate.

33.     The actions of Defendants were not willful violations of the FLSA or Maryland State law.

## RESERVATION OF RIGHTS

34.     Defendants expressly reserve the right to amend this Answer by way of adding affirmative defenses, counter-claims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

## COUNTERCLAIMS

1.     Defendants, for their counterclaims against Plaintiffs, and against the putative members of the purported class of allegedly similarly situated individuals alleged in the Amended Complaint (together "Plaintiffs"), do hereby state as follows:

2.     At all times relevant hereto, Defendants operated under the laws of the State of Maryland and operated an adult entertainment/night club known as Scores in Baltimore, Maryland, at which constitutionally protected dance and entertainment performances are offered

by independent contractors/entertainers pursuant to agreements between Defendants and Plaintiffs.

3.     At all times relevant hereto, Plaintiffs performed as performers/dancers pursuant to agreements with Defendants.  Those agreements provided that Plaintiffs were permitted to appear, and agreed to appear at Scores on dates and times mutually agreeable to the Defendants and Plaintiffs.

4.     Plaintiffs agreed to present and perform dances and entertainment at Scores for patrons of Scores, and Plaintiffs agreed that they would be directly paid by the patrons.

5.     Plaintiffs had no other significant job duties or responsibilities at Scores other than to present dances and entertainment as independent contractors, on the dates and times agreed to by the parties and in exchange for compensation paid to them directly by the Patrons.

6.     Defendants provided Plaintiffs with a venue in which to perform, security, dressing facilities, music, the amenities of performing for patrons in an eating and drinking establishment, as well as with access to various private and semi-private performance areas in which Plaintiffs could present dance performances for single or small groups of patrons for a premium fee.

7.     Many of the dances presented by Plaintiffs are presented on the main stage at Scores in view of patrons generally and were visible to staff as well.  The right to perform these dances, in exchange for whatever gratuities might be offered by appreciative patrons, was and is afforded to the Plaintiffs.

8.     The Plaintiffs also had the opportunity to provide various dance performances for patrons individually or in small group settings, including table dances and dances in private

rooms at Scores.  These opportunities were and are facilitated by Scores in various ways as discussed herein, and Plaintiffs were free to offer these services to patrons.

9.      In exchange for the various and myriad services provided by Defendants to Plaintiffs, Plaintiffs were required to pay various fees to Defendants, including various fees.

10.      In addition to any fees that Plaintiffs might receive directly from patrons for private or semi-private performances, they also received gratuities above and beyond their set fees.

11.      The Plaintiffs were and are advised of, and voluntarily agreed to abide by these terms and conditions, and were and are given to understand, and did and do understand, and further represented and agreed that they were not employees of Defendants but rather independent contractors whose compensation comes from the gratuities and compensation provided by patrons in exchange for their services.

12.      At all relevant times, Plaintiffs were adults under no legal disabilities that would impair or restrict their ability to enter freely and knowingly into a contractual relationship with Defendants.

13.      Plaintiffs enjoyed the freedom to determine: if and when they would provide entertainment at Scores; the content and nature of their performances; the circumstances and occasions on which they would provide private dance performances to patrons and the fees they would charge patrons for those services above any house minimum fees.

14.      Plaintiffs collected and retained the compensation they received from patrons in exchange for their performances, subject to providing to Defendants any minimum fees required by Defendants.

15.     On each date, and during each week that Plaintiffs performed, they received compensation for their performances far in excess of what they would have earned at minimum wage had then been employees of Defendants.

16.     By their actions and their agreement, Plaintiffs did not seek, but rather eschewed employer-employee relationships, acknowledged and manifested an intention to enter into, and conduct themselves according to the agreed-upon independent contractor relationship with Defendants.

17.     At no point did Plaintiffs seek to enter into or express any intention of wanting to enter into an employment relationship with Defendants under which they would be compensated at an hourly wage.

18.     At no point did Plaintiffs seek or manifest to Defendants the desire, intention or claim to be subject to the rights, benefits, obligations, duties, protections or terms of the FLSA or MWHL, seek minimum wages under either Act (because they were already being paid far in excess of minimum wage), assert that they were mis-classified as independent contractors, claim that they were being wrongfully denied the benefits of employees under either Act, disclaim the financial benefits they were receiving as independent contractors, seek to be treated as employees, or claim that the agreements they entered into with Scores were invalid or deficient in any way.

19.     The failures to make any of the representations or disclosures set forth above constitute material omissions by Plaintiffs, and each of them, regarding the true nature of their business relationships with Defendants.

20.     Plaintiffs materially benefitted from their independent contractor relationships with Defendants, but having done so, now seek to deny and repudiate that relationship in order to seek the payment of minimum wages and overtime and to avail themselves of the other benefits of the FLSA and MWHL.

21.     Had Plaintiffs been actual employees of Defendants, then Defendants would have been able to claim the tip credit for any gratuities provided to them by patrons, under either or both the FLSA and MWHL.

22.     The Plaintiffs affirmed in writing that they agreed to enter into independent contractor contractual relationships with Defendants, not as employees, and by pursuing this lawsuit, have breached their contractual relationships with Defendants.

## FIRST COUNTERCLAIM - BREACH OF CONTRACT

23.     Defendants restate here as if fully rewritten each and every averment and allegation set forth in the foregoing paragraphs herein.

24.     Plaintiffs and Defendants entered into a contractual relationship under which Plaintiffs agreed to provide entertainment services, as described above, solely as independent contractors according to the terms described herein.

25.     In consideration for Plaintiffs' promises, Defendants agreed to permit them to present dance performances at Scores, to charge patrons fees, and to accept gratuities from patrons in exchange for providing such entertainment in amounts far exceeding any minimum wage requirements.

26.     Defendants relied reasonably and in good faith and to their own detriment on the representations and promises of Plaintiffs to provide entertainment services as independent contractors on the terms described above.

27.     Defendants so relied in structuring their business relationships, in forming and executing their business plan, in planning for, preparing, and paying their taxes, in making withholdings and otherwise.

28.     Plaintiffs knowingly and purposefully induced Defendants to rely upon their promises in this regard, with the intention that they so rely.

29.     Defendants at all times and in good faith provided Plaintiffs with the benefits and opportunities that together comprised the consideration for the contractual relationship which existed between them, and Plaintiffs, achieved and retained the benefit of their bargain with Defendants.

30.     By claiming, retroactively, that they were employees, and not properly compensated for the services which they promised to render as independent contractors on the terms set forth above, Plaintiffs have breached their independent contracts with Defendants.

31.     As a direct and proximate result of this breach, Defendants have suffered substantial and significant actual and consequential damages in an amount to be ascertained prior to and proved at trial.

### SECOND COUNTERCLAIM - UNJUST ENRICHMENT AND QUANTUM MERUIT

32.     Defendants restate here as if fully rewritten each and every averment and allegation set forth in the foregoing paragraphs herein.

17

33.     At all times relevant hereto, Defendants have provided Plaintiffs with the benefits and advantages of providing services as independent contractors, and Plaintiffs have enjoyed these benefits, including the freedom, flexibility and tax advantages of such a relationship.

34.     By treating Plaintiffs as independent contractors pursuant to their agreement with them, Defendants have failed to collect and obtain substantial revenues, including various performance fees, generated by Plaintiffs.

35.     Should Plaintiffs prevail in their claims, they will be substantially and unjustly enriched at the expense of Defendants, some or all of which will be substantially and unjustly harmed by them.

36.     Defendants are accordingly entitled to all fees generated by Plaintiffs and retained by Plaintiffs which to date have not been remitted to them.

WHEREFORE THE DEFENDANTS, and each of them, having fully Answered the claims of Plaintiffs against them, hereby demand judgment against Plaintiffs, as follows:

A.     That the Court dismiss each and every claim asserted by Plaintiffs, with prejudice;

B.     That the Court award Defendants their reasonable attorneys' fees and costs; and

C.     That the Court afford Defendants such further relief, be it legal or equitable, as the Court in the sound discretion of its discretion deems just;

AND WHEREFORE DEFENDANTS, having fully stated their Counterclaims against Plaintiffs, hereby demand judgment against Plaintiffs, jointly and severally, as follows:

A.     For the return of all fees collected and retained by Plaintiffs not previously remitted to Defendants;

18

B.      For restitution, including return of all fees, or for set-offs against any award of

overtime wages or minimum wages to which Plaintiffs may be found to be

entitled to receive in this action;

C.      For such damages as the Court finds are just and equitable;

D.      For interest, attorneys' fees and costs; and

E.      For such other relief as the Court, in the sound exercise of its discretion, deems

just.

Dated: March 17, 2015                                 Respectfully submitted,


                                                _____
                                                          /s/
                                                Andrew M. Dansicker (11765)
                                                (adansicker@dansickerlaw.com)
                                                LAW OFFICE OF ANDREW M.
                                                DANSICKER, LLC
                                                11350 McCormick Road
                                                Executive Plaza II, Suite 705
                                                Hunt Valley, Maryland 21031
                                                410-771-5668
                                                443-927-7390 (fax)

                                                *Attorneys for Defendants SCMD, LLC,
                                                SCMD Holdings, LLC and Scores Baltimore*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| CARI TABOR, | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 1:14-cv-01809-GLR |
| SCMD, LLC, et al., | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## JURY DEMAND

Defendants on the one hand, and as Counterclaimants on the other hand, hereby demand

trial by jury, with the maximum number of jurors allowed by law, on each claim and

counterclaim so triable.

Dated: March 17, 2015                         Respectfully submitted,


                                                             /s/
                                                Andrew M. Dansicker (11765)
                                                (adansicker@dansickerlaw.com)
                                                LAW OFFICE OF ANDREW M.
                                                DANSICKER, LLC
                                                11350 McCormick Road
                                                Executive Plaza II, Suite 705
                                                Hunt Valley, Maryland 21031
                                                410-771-5668
                                                443-927-7390 (fax)

                                                *Attorneys for Defendants SCMD, LLC,*
                                                *SCMD Holdings, LLC and Scores Baltimore*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of March, 2015, a copy of the foregoing

Defendants' Answer to Amended Complaint and Counterclaims was delivered electronically to:

Francis Lanasa, Esq.
Joseph Murtha Esq.
Murtha, Psoras & Lanasa, LLC
1301 York Road, Suite 200
Baltimore, Maryland 21093


_____/s/_____
Andrew M. Dansicker